Supreme Court, Niagara County, May, 1897. Unreported.

PEOPLE ex rel. CHARLES BEDELL *v.* JOHN F. KINNEY.

Habeas Corpus.

Godfrey H. Wende, for relator.

Abner T. Hopkins, for respondent.

WHITE, J.: The relator was convicted of the crime of having sold liquor without having obtained a liquor tax certificate as required by chapter 112 of the Laws of 1896, at the December, 1896, term of the County Court of Niagara county. Upon such conviction and on January 23rd, 1897, the said court sentenced the relator to imprisonment in the county jail of Niagara county for the term of six months, and imposed a fine of $1,050.00 upon the relator and directed that he be imprisoned until the fine was satisfied, not to exceed 1,050 days. Following the sentence by the court, and on January 26th, 1897, a special deputy clerk of Niagara county made a written certificate, signed the same and affixed the seal of the court thereto, stating in substance that the relator had been tried and convicted at the December term of the Niagara County Court, upon an indictment charging a violation of the liquor tax law; that upon the said conviction the relator had been, on January 23d, 1897, sentenced to be imprisoned in the Niagara county jail at hard labor for the term of six months, and to pay a fine of $1,050, or to be imprisoned until the fine should be paid, not to exceed 1,050 days; and, further, that it had been proved by satisfactory evidence to the court that the prisoner

had learned and practiced the trade of a saloon keeper. Said certificate states that it is a true abstract from the minutes of the court in the case in which the relator was so convicted and sentenced. The fine imposed has not been paid.

At some time after the relator was sentenced and before the writ of this proceeding was served upon the respondent, the relator was, and still remains in the custody of the respondent, and confined in the county jail of Niagara county. It does not appear when the relator was taken into such custody, nor that the respondent took him into custody by virtue of any certificate, mandate or commitment, based upon the sentence of the court; in fact, the respondent disclaimed having taken the relator into custody by virtue of any such certificate, mandate or commitment, but alleges that he took and holds him a prisoner by virtue of the sentence of the court, which was written out by the said judge in his minutes, before being pronounced, and then read as so written out, to the relator.

The relator insists that he is imprisoned and held in the custody of the respondent solely by virtue of the certificate made by the special deputy clerk above referred to.

That statute which was violated, by the relator, creates the offense of which he has been found guilty, denominates it a misdemeanor and commands its punishment by a fine of not less than seven hundred, nor more than two thousand dollars, and in addition to the fine authorizes the court to imprison the offender in the county jail for a term of not more than one year.

So in that case the court had the right to impose the amount of the fine it has imposed and to imprison for the term of six months.

The statute made it the duty of the clerk of the court in this case forthwith upon the conviction of the relator to make and file in the office of the clerk of Niagara county, a certified statement of such conviction and sentence, and thereupon it became the duty of the clerk of the county to enter in the docket book kept by him for the docketing of judgments in his office, the amount of the fine imposed upon the relator, viz., $1,050, as a judgment against the relator, and in favor of the State Commissioner of Excise. The said clerk should also have entered in the docket of said judgment a brief statement setting forth the facts that said judgment was for a fine or penalty imposed for a violation of the liquor tax law, the said clerk should then,

and immediately, have mailed or delivered to the County Treasurer of Niagara county, or to the special deputy State commissioner of excise for that county, a duly certified transcript of said judgment. At that state of the case the relator was entitled to five days' time after having been sentenced, in which to pay the judgment which should have been so entered against him, before any further proceedings to collect the judgment could have been taken against him. If at the expiration of said five days the judgment was not paid, it then became the duty of said county clerk to issue an execution upon the judgment to the sheriff of said county, whose duty it would then have been to collect the executions as executions in civil cases, arising on contracts, are collected.

The record now before the court fails to disclose a compliance or any attempt to comply with the law, concerning the collection of the fine imposed upon the relator by the court. Instead of doing that the attempt is being made, according to the record before me, to collect the said fine by confining the relator in jail, at the expense of Niagara county, and crediting him a dollar a day for the time he passes in that manner. The two methods are inconsistent. It is a well-settled rule that where a statute creates a crime and prescribes its punishment, no other or different mode of punishment than that so prescribed can be adopted by the court.

It is for these reasons, that neither section 15 nor 484 of the Code of Criminal Procedure is applicable here, and so it follows in this case that to the extent that the judgment pronounced by the Niagara County Court against the relator commands his imprisonment until the fine imposed is paid, it is void for the reason that it contravenes the statute in that respect.

The only punishment that could be inflicted under or by virtue of a fine, under this statute is pecuniary and not physical, or by depriving the offender of his liberty.

While it is not necessary to a proper disposition of this branch of the case to pass upon the question there would seem to be no reason why the steps following the sentence as prescribed by the statute for the collection of the fine may not now be taken, if they have not been. That part of the sentence which inflicts imprisonment for the term of six months is clearly authorized by the statute, and no reason is apparent why it should not be carried out.

The relator contends that it should not for two reasons; he insists in the first place, that the imprisonment of the relator is by virtue of the certificate made by the special deputy clerk, which has already been sufficiently described and that such certificate is irregular and insufficient as authority for such imprisonment, and in the next place, that even if the authority for imprisonment for said term of six months be the sentence and not the certificate, the sentence being void in part is void in toto. Neither of these grounds is tenable.

The sentence, and not the certificate, made by the clerk, is the authority for the imprisonment for said term of six months, and even though that certificate be as it is, frankly admitted by the respondent to be irregular and not in the form prescribed by law, it may, if necessary, be amended, or a new certificate which will conform to the law, may be made, so long as the judgment which it is designed to describe and exemplify is legal and in due form. (*People* v. *Baker*, 89 N. Y. 467.)

As to the second proposition advanced by the relator, there seems to be no reason for holding, nor has any authority been cited to that effect, nor have I been able to discover any that holds the doctrine contended for. That part of the sentence which inflicts the punishment of imprisonment for said term of six months, is clear and distinct, and in no way dependent upon or necessarily connected with the other part of the sentence imposing the fine, and so long as the one part is within the law and is clearly separable from the other, and that other part is unauthorized and void, there would seem to be no good reason why the void part should not be treated as surplusage, and that is what should be done in this case, to the end that there may not be a miscarriage of justice. The relator was duly tried and convicted, and the law authorizes the imprisonment for said term of six months inflicted by the court.

I am of the opinion that the relator should be remanded to the custody of the sheriff of Niagara county, and that when he shall have suffered six months' imprisonment he will be entitled to be discharged therefrom.